**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| DAVON BLUE,<br><br>          Petitioner,<br><br>   vs.<br><br>ALLEGHENY COUNTY JAIL, and<br>WARDEN, ALLEGHENY COUNTY<br>JAIL,<br><br>       Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2:25-cv-01661<br><br>   Christopher B. Brown<br>   United States Magistrate Judge |

**MEMORANDUM OPINION**

**Christopher B. Brown, United States Magistrate Judge**

Pending before the Court[1] is a petition for writ of habeas corpus filed by pro se by petitioner Davon Blue. ECF No. 1. For the following reasons, the petition will be dismissed without prejudice to Blue's ability to timely file another habeas petition, under either 28 U.S.C. § 2254 or § 2241 as the circumstances require, following proper exhaustion of available state-court remedies and satisfaction of any other applicable procedural prerequisites.

## I.     Relevant Background

Petitioner, Devon Blue, is a state pretrial detainee incarcerated in the Allegheny County Jail awaiting his criminal trial in the Court of Common Pleas of

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 4 and 7.

1

Allegheny County.  He began this federal habeas proceeding on October 23, 2025, by submitting a handwritten Petition, in which he complained of criminal proceedings at Docket No. CP-02-CR-0005977-2022.  ECF No. 1.  The public record indicates there are ongoing criminal proceedings against Blue, in which he is represented by court-appointed counsel.  *See* Docket, *Com. v. Blue*, Docket No. CP-02-CR-0005977-2022 (C.C.P. Allegheny Cnty.), of which this Court takes judicial notice, available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0005977-2022 (last visited June 30, 2026).

Blue raises four claims attacking his pretrial detention:

1. He is being held in violation of the Pennsylvania Rules of Evidence;

2. He was arrested and now still being held in violation of his 8th Amendment right to be free from cruel and unusual punishment;

3. He is being held in violation of his 6th Amendment right to speedy trial and 14th Amendment right to due process; and

4. He is being held in violation of his 14th Amendment right to equal protection of the law.

ECF No. 1, at 2-3.  As relief, he seeks to have his underlying criminal case dismissed due to lack of evidence, be ordered to be released from custody, and be awarded compensatory damages of $100,000.00.  *Id.* at 3-4.

Respondents filed an Answer on December 31, 2025, arguing the petition should be dismissed on several grounds: (1) his first two claims are not cognizable for federal corpus review; (2) his claim for a violation of his 14th Amendment right to due process is not cognizable for federal habeas review; (3) his remaining claims

2

are unexhausted; and (4) abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is

appropriate. ECF No. 9 at 7-13.

The matter is fully briefed and ripe for disposition.

## II.    Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant federal

habeas relief to a state pretrial detainee who "is in custody in violation of the

Constitution or laws or treaties of the United States[.]" *Moore v. DeYoung*, 515 F.2d

437, 442 & n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241(c)(3)).  Under this statute, a

state criminal defendant has the mechanism in a federal habeas action to challenge

the legality of his pretrial confinement by arguing that he should not be in pretrial

custody in the first place because, for example: (1) his upcoming trial violates his

rights under the Double Jeopardy Clause, *see, e.g., U.S. ex rel. Webb v. Ct. of*

*Common Pleas of Philadelphia Cnty.*, 516 F.2d 1034 (3d Cir. 1975); or (2) he is being

deprived of his constitutional right to a speedy trial, *see, e.g., Braden v. 30th Jud.*

*Cir. Ct. of Kentucky,* 410 U.S. 484, 492-93 (1973); or (3) the trial court has

unconstitutionally denied or revoked bail, *see, e.g., Atkins v. People of State of Mich.,*

644 F.2d 545, 550 (6th Cir. 1981).[2]  "Nevertheless, that jurisdiction must be

exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial

habeas interference by federal courts in the normal functioning of state criminal

processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515

---

[2]    Only one of Blue's claims (that he was denied his right to speedy trial) falls within these
categories.

3

F.2d at 445-46).  Pretrial habeas does not "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Moore*, 515 F.2d at 445.

### III.  Discussion

#### A.  Blue has not exhausted his claims, and there are no "extraordinary circumstances" otherwise justifying intervention

A Section 2241 petitioner seeking to invoke this Court's pretrial habeas jurisdiction must have exhausted state-court remedies, and also must make "a special showing of the need" for a federal court to adjudicate his petition at such an early junction.  *Moore*, 515 F.2d at 443.  It is Blue's burden to show he exhausted available state remedies.  *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *as amended* (Jan. 16, 1998); *Ellison v. Rogers*, 484 F.3d 658, 660-62 (3d Cir. 2007); *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001).  If the petitioner has not exhausted his remedies, this Court may still adjudicate the petition if there are "extraordinary circumstances."  *Id.*  While what constitutes "extraordinary circumstances" is not well-defined, it is established it must include some "quality of delay, harassment, bad faith or other intentional activity[,] which, under the circumstances of that particular case, would justify setting aside the exhaustion requirement.  *Id.* at 447 n.12.  "[A]bsent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy' in state court."  *Gonzalez v. Waterfront Comm'n of New York Harbor*, 755 F.3d 176, 180 (3d Cir.

2014) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)).  The United States Court of Appeals for the Third Circuit has rejected "run-of-the-mill challenges to [a petitioner's] indictment, arrest, interrogation, and denial of pretrial release" as being insufficient to qualify as "exceptional" circumstances."  *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 n.2 (3d Cir. 2018).

While this Court has jurisdiction under Section 2241 to entertain the Petition, it is clear Blue is not entitled to federal habeas relief at this time.  *First*, to the extent Blue has raised any federal constitutional claims, he has failed to exhaust them.  To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts.  *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  Based on a review of the docket in Blue's underlying state criminal case, it appears Blue has failed to exhaust his claims.  Blue must first exhaust his claims before all levels of the Pennsylvania courts and, if unsuccessful there, he may then present his claims to this Court in a petition for writ of habeas corpus.  *Moore*, 515 F.2d at 445 (observing adequate state-court review remained available to petitioner "at trial and thereafter, on appellate review).

Because Blue has failed to exhaust his constitutional claims, this Court may consider his pretrial habeas petition *only* if there are extraordinary circumstances.  But there are none present here.  A review of the underlying docket reveals no undue delay attributable to the prosecution; nor does the Petition reveal any harassment, bad faith, or other intentional conduct that could be construed to rise to the level of "extraordinary circumstances."  Instead, it appears Blue is attempting

to derail his state criminal proceedings, prematurely litigating constitutional defenses in federal court by raising run-of-the-mill challenges to his arrest, his pretrial detention, and the sufficiency of the evidence against him.  But these are exactly the sort of claims our Court of Appeals has rejected finding these claims fail to establish "extraordinary circumstances."  *Reese,* 904 F.3d at 246 n.2.

### B.    *Younger* abstention applies

Furthermore, another independent reason to deny the Petition is the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).  "The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." [3]  *Moore v. Sims*, 442 U.S. 415, 423 (1979) (citing *Samuels v. Mackell*, 401 U.S. 66, 69 (1971)).  *Younger* abstention is appropriate when three requirements are satisfied.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (collecting and summarizing authorities to establish a three-part test).  *First*, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action.  *Second*, the state proceeding must implicate important state interests.  *Third*, the federal

---

[3]    The Supreme Court made clear in *Younger* that the injuries typically suffered by criminal defendants did not rise to the legal definition of "irreparable" in this context, and thus did not justify a federal court's intervention in a state judicial proceeding.  *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

Applying that three-part test to this case, the Court concludes abstention under *Younger* is appropriate. *First,* Blue is subject to ongoing state criminal proceedings in Allegheny County, Pennsylvania, and granting him the habeas relief he seeks would interfere with those proceedings. *Second*, the state's criminal case against him no doubt implicates the important state interests of enforcement of its criminal laws. *Third*, Blue has an opportunity to raise his constitutional claims in the context of his state criminal proceedings in the Court of Common Pleas of Allegheny County and then to the state appellate courts.

Blue's claims concerning his underlying criminal proceedings satisfy the three-part test for abstention under *Younger*. Additionally, he has not established the type of immediate, irreparable injury that is required to enjoin a state court criminal proceeding under *Younger* and its progeny. Accordingly, this Court will abstain from enjoining Blue's state criminal proceedings and will dismiss the Petition without prejudice to Blue's ability to timely file another habeas petition, under either 28 U.S.C. § 2254 or § 2241 as the circumstances require, following proper exhaustion of available state-court remedies and satisfaction of any other applicable procedural prerequisites.

## C.    Blue's request for compensatory damages will be denied

Blue seeks an order from this Court awarding him compensatory damages. Because money damages are not available in a habeas corpus action under 28 U.S.C. § 224, his request for compensatory damages must be denied. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "[i]f a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

## D.    A certificate of appealability will be denied

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner under either § 2254 or § 2241.  It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).  It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  To the extent a certificate of appealability determination is required here, Blue is not entitled to one because jurists of reason would not find it debatable whether his claims should be dismissed. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## IV.    Conclusion

For these reasons, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice to Blue's ability to timely file another habeas petition, under either 28 U.S.C. § 2254 or  § 2241 as the circumstances require, following proper exhaustion of available state-court remedies and satisfaction of any other applicable procedural prerequisites. Further, a certificate of appealability will be denied with respect to each claim.  A separate order follows.

DATED this 30th day of June, 2026.

BY THE COURT:


s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc:     DAVON BLUE
        197885
        ALLEGHENY COUNTY JAIL
        950 Second Avenue
        Pittsburgh, PA 15219
        (via U.S. First Class Mail)

        Madeline Williams Sheerer
        Allegheny County District Attorney's Office
        (via ECF electronic notification)

9